UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAIMIN JITENDRAKUMAR PATEL,

    Plaintiff,

   v.

KRISTI NOEM, in her official capacity as
Secretary of Homeland Security, et al.,

    Defendants.

No. 25 C 2857

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Patel, an Indian national, brings this suit alleging unreasonable delay in the processing of his U visa petition. Defendants move to dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). R. 5. For the following reasons, that motion is granted.

## Background

In October 2000, Congress created the "U nonimmigrant visa" for victims of qualifying crimes who cooperate with law enforcement in the investigation or prosecution of those crimes. *See* 8 U.S.C. § 1101(a)(15)(U). However, by statute, only 10,000 U visas may be issued each fiscal year. 8 U.S.C. § 1184(p)(2)(A). Petitioners who would be granted a visa if not for the statutory cap are placed on a waiting list. 8 C.F.R. § 214.14(d)(2). U.S. Citizenship and Immigration Services ("USCIS") "will grant deferred action or parole" and "in its discretion, may authorize employment" for petitioners on the waiting list and qualifying family members. *Id.*

1

In addition, since June 2021, the Secretary of Homeland Security "may grant work authorization to any alien who has a pending, bona fide [U visa petition]" through a two-step process. *See* 8 U.S.C. § 1184(p)(6); USCIS, Policy Manual, Volume 3, Part C, Chapter 5 – Bona Fide Determination Process, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5 ("USCIS Policy Manual Ch. 5"). At step one, USCIS determines whether the petition is "bona fide," i.e., "made in good faith; without fraud or deceit," referred to as the "Bona Fide Determination" ("BFD"). USCIS Policy Manual Ch. 5. At step two, USCIS determines "whether the petitioner poses a risk to national security or public safety and otherwise merits a favorable exercise of discretion." *Id.* If USCIS determines that both criteria are met, it will grant the petitioner deferred action and issue an employment authorization document ("EAD"). *Id.* The BFD process has not created a separate queue for U visas. Rather, "there is one line, but the petitioners in that line may carry either the waiting list designation or the BFD designation." *Kothari v. Dir. of U.S. Citizenship & Immigr. Servs.*, No. 3:24 C 50101, 2025 WL 732075, at *3 (N.D. Ill. Jan. 24, 2025) (citing USCIS Policy Manual Ch. 5).

Patel is an Indian national who has lived in the United States for over four years. R. 1 ¶¶ 8, 31, 32. Patel was the victim of an armed robbery at the grocery store where he worked on December 25, 2023. *Id.* ¶ 33. He reported the crime and assisted law enforcement in their investigation. *Id.* ¶¶ 33–35. Patel and his wife submitted an application for U visa status to USCIS on June 11, 2024, and completed their biometrics appointments three months later. *Id.* ¶¶ 40, 42.

Patel filed this suit on March 18, 2025 challenging the lack of action on his U visa petition to date. He claims that the failure to process his U visa petition and place him on the waiting list within a reasonable time violates the Administrative Procedure Act ("APA") (Count I); that Defendants have a duty to make a BFD and place him on the waiting list and should be compelled to do so under the Mandamus Act (Count II); and that the failure to issue him work authorization within a reasonable time violates the APA and 8 U.S.C. § 1184(p)(6) (Count III). *Id.* ¶¶ 47–58. He seeks declaratory, injunctive, and mandamus relief in connection with these claims. *Id.* at pp. 11–12.

## Legal Standard

A Rule 12(b)(1) motion to dismiss "tests the jurisdictional sufficiency of the complaint." *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017). Where, as here, a defendant brings a facial challenge to subject matter jurisdiction, the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (citation omitted). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While

3

"detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

## Discussion

Defendants seek dismissal of Patel's complaint on several bases. First, Defendants argue that this Court lacks subject matter jurisdiction over Patel's APA claim regarding the failure to issue him work authorization to date. Second, Defendants argue that Patel inadequately pleads APA and Mandamus Act claims for failing to process his U visa petition, make the BFD, and place him on the waiting list to date.[1]

---

[1] Defendants argue in reply that Patel waived any opposition to the dismissal of his APA work authorization claim and mandamus claim by not substantively engaging with their arguments. In this Court's view, Patel does address the arguments in his response, albeit briefly, and for the reasons explained, insufficiently. *See* R. 10 at 2 (arguing that § 1252(a)(2)(B)(ii)'s jurisdictional bar is limited and does not encompass the work authorization claim); *id.* at 4 (discussing elements of mandamus claim and duty to issue BFDs). Accordingly, the Court does not find waiver.

I.      Subject Matter Jurisdiction

Defendants contend that this Court lacks subject matter jurisdiction over Patel's work authorization claim under 8 U.S.C. § 1252(a)(2)(B)(ii). Section 1252(a)(2)(B)(ii) provides in relevant part that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in [their] discretion[.]" 8 U.S.C. § 1252(a)(2)(B)(ii).

The statute authorizing USCIS to issue work authorizations under the BFD process, 8 U.S.C. § 1184(p)(6), falls within "this subchapter." *Id.*; *Lobatos v. Noem*, No. 25 C 01223, 2025 WL 1651220, at *4 (N.D. Ill. June 11, 2025) (citing *Kucana v. Holder*, 558 U.S. 233, 253 (2010) (Alito, J., concurring)). And, as previously noted, § 1184(p)(6) provides that the Secretary of Homeland Security "*may* grant work authorization" to those with pending, bona fide U visa applications. 8 U.S.C. § 1184(p)(6) (emphasis added). The Supreme Court "has repeatedly observed that the word 'may' *clearly* connotes discretion." *Biden v. Texas*, 597 U.S. 785, 787 (2022) (emphasis in original) (cleaned up). Thus, § 1252(a)(2)(B)(ii) strips this Court of jurisdiction to review USCIS's discretionary decision not to issue work authorization to Patel, or to compel USCIS to do so. *See Ronakkumar Patel v. Noem*, No. 25 C 657, 2025 WL 1766104, at *2 (N.D. Ill. June 26, 2025) ("The use of the word 'may' triggers § 1252(a)(2)(B)(ii)'s denial of jurisdiction [over U visa petitioner's request for work authorization].").

Patel argues that he is not challenging any particular discretionary decision by USCIS, but instead the agency's failure to exercise its discretion with respect to work authorization within a reasonable time period. Yet, § 1252(a)(2)(B)(ii)'s jurisdictional bar extends not only to the decision of whether to grant or deny work authorization, but also to "'any . . . action' leading to such a decision," including "the timeline under which that [decision-making] process unfolds." *Garcia v. U.S. Citizenship & Immigr. Servs.*, 760 F. Supp. 3d 671, 673 (N.D. Ill. 2024) (quoting § 1252(a)(2)(B)(ii)); *Vasant Pramukhbhai Patel v. Noem*, No. 24 C 12143, 2025 WL 1489204, at *2 (N.D. Ill. May 23, 2025) ("Because the decision to grant an EAD is at USCIS's discretion, the decision to delay adjudicating an EAD application likewise is discretionary and barred by § 1252(a)(2)(B)(ii)."); *see also Ahir v. Noem*, No. 25-CV-00470, 2025 WL 2522642, at *3 (N.D. Ill. Sept. 2, 2025) (same); *Ronakkumar Patel*, 2025 WL 1766104, at *2 (same).

Patel also argues that the APA authorizes judicial review where an agency has failed to take action and allows courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The problem with this argument is that the APA, by its terms, does not apply where, as here, "statutes preclude judicial review." 5 U.S.C. § 701(a); *see also Soni v. Jaddou*, 103 F.4th 1271, 1273 (7th Cir. 2024). The two cases cited by Patel do not say otherwise, nor did either case involve § 1252(a)(2)(B)(ii) or § 1184(p)(6). *See* R. 10 at 2 (citing *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004); *Calderon-Ramirez v. McCament*, 877 F.3d

272, 275 (7th Cir. 2017)). Therefore, the Court lacks jurisdiction to consider Patel's APA claim for unreasonable delay in issuing him work authorization.

Defendants separately argue, for the first time in reply, that Patel's claim of unreasonable delay in waiting list placement is unripe.[2] A claim is "ripe" where it is "not dependent on contingent future events that may not occur as anticipated, or indeed may not occur at all." *Trump v. New York*, 592 U.S. 125, 131 (2020) (internal quotations marks and citation omitted). Defendants contend that Patel is not yet eligible for a determination that he should be placed on the waiting list because the issuance of a BFD could moot the need for such a determination. The applicable regulation states that "all eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status must be placed on [the] waiting list and receive written notice of such placement." 8 C.F.R. § 214.14(d)(2). It does not limit eligibility to petitioners who received a BFD or EAD denial. Because Patel is presently waiting for placement on the waiting list, and a BFD or EAD denial is not a prerequisite for a waiting list determination, the claim is ripe for adjudication. *See Ronakkumar Patel*, 2025 WL 1766104, at *3 (finding that claim of unreasonable delay in waiting list placement for U visa petitioner was ripe).

II.     Failure to State a Claim

---

[2] Arguments raised for the first time in reply are generally waived. *O'Neal v. Reilly,* 961 F.3d 973, 974 (7th Cir. 2020). However, ripeness pertains to the Court's subject matter jurisdiction, *Wisconsin Cent., Ltd. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008), and objections to subject matter jurisdiction cannot be waived. *Mader v. Motorola, Inc.*, 175 F.3d 1020 (7th Cir. 1999).

Defendants seek the dismissal under Rule 12(b)(6) of the two remaining claims: (1) an APA claim for unreasonable delay in processing his U visa petition and placing him on the waiting list, and (2) a Mandamus Act claim seeking to compel a BFD and placement on the waiting list. The Court addresses each claim in turn.

a. APA Claim

The APA provides that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it," 5 U.S.C. § 555(b), and that "[t]he reviewing court shall compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1). Courts routinely use the framework set forth in *Telecommunications Research & Action Ctr. v. Fed. Commc'ns Comm'n*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*") to determine whether agency delay is unreasonable. *See, e.g.*, *Romero v. Scott*, No. 24 CV 4372, 2025 WL 815071, at *4 (N.D. Ill. Mar. 12, 2025) (citing *Ebrahimi v. Blinken*, 732 F. Supp. 3d 894, 909–13 (N.D. Ill. 2024)). The *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 80 (internal quotation marks and citations omitted).

But the *TRAC* factors are not mandatory. In *Calderon-Ramirez*, the Seventh Circuit affirmed the dismissal of an APA unreasonable delay claim regarding a pending U visa application without reference to *TRAC*. 877 F.3d at 276. Instead, the Court considered the increased backlog of U visa petitions since 2009 and USCIS's recent effort to alleviate the backlog. *Id.* In view of those circumstances, the petitioner's 18-month wait was not unreasonable. *Id.* Here, Patel alleges that 15 months have passed since the time he submitted his application, and 12 months since USCIS last took action. That wait time falls well short of the approximately 30.5 months it takes USCIS to process 80% of U visa applications. USCIS, https://egov.uscis.gov/processing-times (last accessed Sept. 17, 2025). Thus, as in *Calderon-Ramirez*, Patel fails to plausibly allege an unreasonable delay.

Patel's claim fares no better when considering the *TRAC* factors:

1. *Whether the agency processes applications under a rule of reason.* USCIS processes applications in the order they are submitted, expediting some applications subject to certain criteria. 8 C.F.R. § 214.14(d)(2); USCIS Policy Manual Ch. 5. This process constitutes a rule of reason. *E.g.*, *Vipulkumar Rasikbhai Patel*, 2025 WL 2164835, at *2 (citing cases). While Patel argues that he has seen no indication that USCIS is moving toward adjudicating his petition, the allegations in his complaint do not plausibly suggest that USCIS has abandoned this standard method of processing petitions. This factor therefore favors Defendants.

9

2. *Whether Congress has provided a timeframe for adjudication.* Where, as here, Congress has not prescribed any timetable for a decision, courts "turn to case law as a guide." *Sarlak v. Pompeo*, No. 20-35 (BAH), 2020 WL 3082018, at *6 (D.D.C. June 10, 2020). Courts often consider delays between three and five years to be reasonable. *Id.*; *Calderon-Ramirez*, 877 F.3d at 275–76 (affirming dismissal of APA unreasonable delay claim where petitioner had been waiting 18 months for adjudication of U visa petition); *Ronakkumar Patel*, 2025 WL 1766104, at *4–5 (dismissing APA unreasonable delay claim where plaintiff had been waiting for over 24 months to be placed on U visa waiting list); *Romero*, 2025 WL 815071, at *3–4 (dismissing APA unreasonable delay claim where plaintiff had been waiting for 29 months for a BFD and placement on the waiting list). Thus, case law does not suggest that Patel's 15-month wait is unreasonable, and this factor favors Defendants.

3. *Whether economic regulation or human health and welfare are at stake.* Patel alleges that as a result of the delay, he is unable to work, obtain a driver's license, and support his family. While the ability to work is undoubtedly economic in nature, it also plausibly impacts Patel's ability to maintain his and his family's welfare. *See Ronakkumar Patel*, 2025 WL 1766104, at *5. This factor thus weighs in his favor.

4. *Effect of expediting the decision on agency activities of a higher or competing priority.* Expediting the review of Patel's U visa application and placing him

on the waiting list "would essentially allow Plaintiffs to 'jump the line,' resulting in the redistribution of agency resources but no agency-wide net gain." *N-N v. Mayorkas*, 540 F. Supp. 3d 240, 263 (E.D.N.Y. 2021) (citing cases). This factor weighs in Defendants' favor.

5. *Nature and extent of interests prejudiced by the delay.* This factor overlaps with the third factor and favors Patel for the same reasons. *See Ronakkumar Patel*, 2025 WL 1766104, at *5.

6. *Impropriety.* Because Patel makes no allegation of bad faith or impropriety by Defendants, this factor carries no weight.

Viewed together, the factors show that Patel has failed to plausibly allege that Defendants have unreasonably delayed the processing of his U visa petition or placement on the waiting list. Accordingly, in light of both *Calderon-Ramirez* and the *TRAC* factors, the APA claim is dismissed.

      b. Mandamus Act Claim

In a mandamus action, 28 U.S.C. § 1361 grants district courts the power "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus is "a drastic and extraordinary remedy reserved for really extraordinary causes." *United States v. Henderson*, 915 F.3d 1127, 1132 (7th Cir. 2019) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004)). Mandamus relief will only be granted if a plaintiff can demonstrate "(1) a clear right to the relief sought; (2) that the defendant has a duty to do the act

in question; and (3) that no other adequate remedy is available." *Iddir v. I.N.S.*, 301 F.3d 492, 499 (7th Cir. 2002).

Patel fails to adequately plead the first two elements. With his mandamus claim, Patel seeks an order compelling a BFD and placement on the waiting list immediately. Thus, the question is whether he has a right to immediate action on his petition, that is, a right to "skip ahead" of other U visa petitioners who filed an application before him and who are also waiting for a BFD or placement on the waiting list. *Calderon-Ramirez*, 877 F.3d at 275. Here, Patel fails to allege any facts differentiating him from other U visa petitioners waiting in the same line. *Id.* at 275–76 (affirming dismissal of mandamus claim where U visa petitioner offered no facts to suggest his wait time had been any more unreasonable than that of other petitioners). The only facts Patel points to—his prompt cooperation with law enforcement, his complete application, and his wait time of 15 months—are commonplace in U visa cases. *E.g.*, *Lobatos*, 2025 WL 1651220, at *7 (dismissing mandamus claim where plaintiffs, who cooperated with police, completed U visa applications, and had been waiting for 14 months, "provided no facts to contextualize their position in line relative to other petitioners waiting for their claims"). As such, his mandamus claim fails on this basis and is therefore dismissed.

## Conclusion

For the foregoing reasons, the motion to dismiss is granted.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: September 17, 2025